O

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         CENTRAL DISTRICT OF CALIFORNIA

10

11   United States of America      )   Case No. CR 07-01221 GHK
                                    )
12                  Plaintiff,      )   **ORDER DENYING DEFENDANT'S MOTION**
                                    )   **TO RECUSE JUDGE KING**
13        v.                        )
                                    )   [Dkt. No. 356. Referral to DDP
14   Stanley Dan Reczko III,        )   at Dkt. No. 362]
                                    )
15                  Defendant.      )
     _____ )

16

17        This matter comes before the court on defendant Stanley Dan

18   Reczko III's Motion for Recusal of Trial Judge Under 28 U.S.C. [§]

19   455.[1]  Having reviewed Defendant's submission, the court DENIES the

20   motion and adopts the following order.

21        Defendant argues that "the District Court is <u>Bias</u>" (emphasis

22   original) and that "the trial judge is advocating a cause for the

23   Defense Attorney's (sic) in this case which has nothing to do with

24   the core issue."  (Motion at 2:9-14.)  Defendant further contends

25   that "[t]he issues at hand are a matter of law and the defendant's

26

27

28
     _____

          [1] This order does not address Defendant's contentions
     regarding his counsel's competence or the district court's
     jurisdiction over this matter.

1  right to an effective court process with no Bias agenda of the

2  system."  (Mot. at 4: 13-15.)

3      A judge "shall disqualify himself in any proceeding in which

4  his impartiality might reasonably be questioned" and in proceedings

5  in which "he has a personal bias or prejudice concerning a party,

6  or personal knowledge of disputed evidentiary facts concerning the

7  proceeding."  28 U.S.C. § 455(a),(b)(1).  The Ninth Circuit has

8  articulated the standard for disqualification under § 455 as

9  follows:

10     The test under § 455(a) is whether a reasonable person with
       knowledge of all the facts would conclude that the judge's
11     impartiality might reasonably be questioned.  Typically, a
       judge's partiality must be shown to be based on information
12     from extrajudicial sources, although sometimes, albeit
       rarely, predispositions developed during the course of a
13     trial will suffice.  In the instance where the partiality
       develops during the course of the proceedings, it can be the
14     basis of recusal only when the judge displays a deep-seated
       and unequivocal antagonism that would render fair judgment
15     impossible.

16  F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc., 244 F.3d

17  1128, 1144-45 (9th Cir. 2001) (internal quotations and citations

18  omitted).

19     Though Defendant accuses the district court of bias, it

20  appears that Defendant's primary concerns revolve around the

21  court's jurisdiction and the effectiveness of defense counsel.

22  Defendants states:

23          The defendant is in opposition to the continued
            court ordered Psych evaluations which have nothing to
24          do with the ineffectiveness and incompetency of this
            system when it involves international law and alleged
25          crimes which were not committed.  The courts fail to
            recognize that the core issue is ineffective and
26          incompetent Attorney's whom never defended nor
            represented a case under the illegal legislation/vague
27          criminal legislation.

28

1   (Mot. at 3:22-28.)  Defendant's frustrations with the court's

2   pre-trial rulings notwithstanding, he has not established that

3   Judge King has received any extrajudicial information or that

4   Judge King's impartiality could reasonably be called into

5   question.  Nor has Defendant shown that Judge King's decisions

6   or actions in this case reveal a "deep-seated and unequivocal

7   antagonism" toward Plaintiff "that would render fair judgment

8   impossible."  <u>F.J. Hanshaw Enters.</u>, 244 F.3d at 1144-45.

9   Accordingly, the Motion for Recusal of Trial Judge is DENIED.

10

11

12

13  IT IS SO ORDERED.

14

15  Dated:February 24, 2012

            DEAN D. PREGERSON
            United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28