O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| United States of America | ) | Case No. CR 07-01221 GHK |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S MOTION TO RECUSE JUDGE KING** |
| v. | ) | [Dkt. No. 385] |
| Stanley Dan Reczko III, | ) | |
| Defendant. | ) | |

    This matter comes before the court on defendant Stanley Dan Reczko III's Motion to Disqualify, which seeks to disqualify Judge King under 28 U.S.C. § 144.[1]  Having reviewed Defendant's submission, the court DENIES the motion and adopts the following order.

    As described in the court's order denying Defendant's previously filed motion to recuse Judge King (Dkt. No. 364), the Ninth Circuit has articulated the standard for disqualification under 28 U.S.C. § 455 as follows:

> The test under § 455(a) is whether a reasonable person with knowledge of all the facts would conclude that the judge's

---

[1] 28 U.S.C. § 144 is substantively the same as 28 U.S.C. § 455.  United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997).

1  impartiality might reasonably be questioned.  Typically, a
   judge's partiality must be shown to be based on information
2  from extrajudicial sources, although sometimes, albeit
   rarely, predispositions developed during the course of a
3  trial will suffice.  In the instance where the partiality
   develops during the course of the proceedings, it can be the
4  basis of recusal only when the judge displays a deep-seated
   and unequivocal antagonism that would render fair judgment
5  impossible.

6  F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc., 244 F.3d

7  1128, 1144-45 (9th Cir. 2001) (internal quotations and citations

8  omitted).

9       Defendant asserts that the timing of his submissions has been

10 manipulated by court staff to fit Judge King and court staff's

11 personal agendas. (Mot. at 1.)  Defendant appears to suggest that

12 members of Judge King's staff deliberately delayed filing one of

13 Defendant's earlier motions, a Supplemental Motion to Disqualify

14 Judge (Dkt. No. 366), on the docket.  (Affidavit of Stanley Dan

15 Reczko, III at 2.)  That motion, which Defendant submitted by mail,

16 was received and processed by the court's mail facility.  As

17 requested by Defendant, the motion was ultimately referred not to

18 Judge King's staff, but rather to Judge Pregerson's staff, who

19 entered the motion on the docket upon receipt. (See Supplemental

20 Motion to Disqualify at 1; Dkt. No. 366).  Thus, Defendant has not

21 shown that any action by Judge King or his staff reveals a "deep-

22 seated and unequivocal antagonism" toward Plaintiff "that would

23 render fair judgment impossible."  F.J. Hanshaw Enters., 244 F.3d

24 at 1144-45.  Accordingly, the Motion for Disqualification is

25 DENIED.

26 IT IS SO ORDERED.

27 Dated: May 3, 2012

                                          DEAN D. PREGERSON
28                                        United States District Judge