1        **UNITED STATES DISTRICT COURT**

2     **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

3      **HONORABLE GEORGE H. KING, CHIEF U.S. DISTRICT JUDGE**

4

5   **UNITED STATES OF AMERICA,**              )
                                               )
6                    **PLAINTIFF,**            ) **CASE NO.**
                                               ) **2:07-cr-01221-GHK**
7          **VS.**                             )
                                               )
8   **STANLEY DAN RECZKO III,**                )
                                               )
9                    **DEFENDANT.**            )
   _____   )

10

11

12

13

14                  **REPORTER'S TRANSCRIPT OF**
                         **SENTENCING**
15                  **MONDAY, MAY 18, 2015**
                        **11:02 A.M.**
16               **LOS ANGELES, CALIFORNIA**

17

18

19

20

21

22   _____

23            **KHOWOONSUN CHONG, CSR 12907, CRR, RMR**
                 FEDERAL OFFICIAL COURT REPORTER
24             255 EAST TEMPLE STREET, ROOM 181-G
                 LOS ANGELES, CALIFORNIA 90012
25                  kchong12907@yahoo.com

**UNITED STATES DISTRICT COURT**

1                    **APPEARANCES OF COUNSEL:**

2

3    **FOR THE PLAINTIFF:**

4        STEPHANIE YONEKURA
         UNITED STATES ATTORNEY
5        BY:  VANESSA BAEHR-JONES
         Assistant United States Attorney
6        United States Courthouse
         312 North Spring Street
7        Los Angeles, California 90012

8

9    **FOR THE DEFENDANT:**

10       DAVID J.P. KALOYANIDES LAW OFFICES
         BY:  DAVID KALOYANIDES
11       Attorney At Law
         15538 Central Avenue
12       Chino, California 91710

13

14

15

16

17

18

19

20

21

22

23

24

25

**UNITED STATES DISTRICT COURT**

1          **LOS ANGELES, CALIFORNIA; MONDAY, MAY 18, 2015**

2                          **11:02 A.M.**

3                           -oOo-

4

5          THE CLERK:  Please remain seated and come to order.

6   This United States District Court is now in session.  The

7   Honorable George H. King, Chief Judge presiding.  Calling Item

8   2 on the Court's calendar, Criminal 07-1221(B), United States

9   of America versus Stanley Dan Reczko III.

10         Counsel, would you please state your appearances for the

11  record.

12         MS. BAEHR-JONES:  Good morning, Your Honor.  Vanessa

13  Baehr-Jones on behalf of United States.

14         THE COURT:  Good morning.

15         MR. KALOYANIDES:  Good morning, Your Honor.  David

16  Kaloyanides present with Mr. Reczko, who is present with us.

17         THE COURT:  Good morning.

18         This matter is on the Court's calendar for consideration

19  of the presentence report and for imposition of sentence.

20         Mr. Kaloyanides, any legal cause why sentence should not

21  now be pronounced?

22         MR. KALOYANIDES:  No, Your Honor.

23         THE COURT:  Before we begin with the sentencing, I

24  do want to say that, because we do have a so-called hybrid

25  situation as described in *United States v. Dos*s as to the

1   enhancement at 3559(e), and the first part of which, of course,

2   I will determine as a matter of law.  But the second part of

3   the hybrid is the factual determination, and it would be

4   involved in a court determination because the defendant had

5   consented to judicial fact-finding for that purpose.

6       During the course of the bench trial on Count 2, the

7   Government had submitted various evidence in support of the

8   factual determination as to whether or not the victim in the

9   prior conviction was or was not under the age of 17.  That

10  would include various exhibits such as the Information, which

11  is at, I believe, Exhibit 102; the statements of the defendant

12  during the guilty plea, which is a transcript at Exhibit 104;

13  and a certified copy of a transcript of birth of the victim at

14  Exhibit 120.

15      Mr. Kaloyanides, you didn't really talk about this.  I

16  assume there is no dispute as to that factual issue, but do you

17  have any other evidence you want to offer on that question for

18  judicial fact-finding as to the fact of the age of the victim

19  in the previous conviction?

20          MR. KALOYANIDES:  No, Your Honor.

21          THE COURT:  All right.  And do you care to make any

22  argument with respect to whatever finding I ought to make at

23  this time, or would you make it, if any, in conjunction with

24  your overall sentencing arguments?

25          MR. KALOYANIDES:  I have nothing to add as to the

1   issue of the age of the victim in the prior.  If there's other

2   matters, we can discuss that as --

3            THE COURT:  Why don't -- why don't you and your

4   client approach the lectern for sentencing at this time, then.

5        Is Stanley Dan Reczko your true name?

6            THE DEFENDANT:  Yes, sir.

7            THE COURT:  Mr. Reczko, have you had an opportunity

8   to review the presentence report and recommendation of the

9   probation officer, the addendum to that report, as well as the

10  position papers of the parties re sentencing in this case?

11           THE DEFENDANT:  I have.

12           THE COURT:  Have you had an adequate opportunity to

13  review those matters with your lawyer?

14           THE DEFENDANT:  Yes.

15           THE COURT:  And are you ready to proceed with

16  sentencing at this time?

17           THE DEFENDANT:  Yes.

18           THE COURT:  Mr. Kaloyanides, I assume you have read

19  all of the filings regarding sentencing, whether filed by the

20  probation officer or by the Government.

21           MR. KALOYANIDES:  I have.

22           THE COURT:  And have you had an adequate opportunity

23  to review all of the sentencing papers with your client?

24           MR. KALOYANIDES:  I have.

25           THE COURT:  To the extent that he may have any

1  objections, modifications, or additions to any of those papers,

2  I assume you would have reflected those in your own papers.

3          MR. KALOYANIDES:  That's correct.

4          THE COURT:  Okay.  Let me just briefly summarize

5  what I believe your positions to be, and then, of course, I'll

6  be glad to hear from you and to hear from Mr. Reczko as well as

7  the Government before I actually make my determinations re

8  sentencing.

9      Essentially, your positions are as follows:

10     That the prior conviction from New York in 1997 does not

11 qualify for enhancement under 3559(e).  It is unclear to me

12 whether you are of the same view with respect to whether that

13 qualifies for enhancement under 2251(e).  You admit that it is

14 a broader coverage, but I don't believe you set forth one way

15 or another as to whether it is or is not applicable, should the

16 Court find, of course, that 3559(e) is not applicable.  If it

17 is, then it's pretty moot on the issue of 2251(e).

18     You believe that the Court should not credit the

19 allegations set forth in probation officer's presentence

20 report, paragraphs 73, 85, 87, 88, and 91 because you

21 believe -- as well as the Government Exhibits A, B, and C to

22 sentencing, because you say that they are not supported by the

23 preponderance of the evidence.

24     You believe there should not be an enhancement for

25 obstruction of justice.

1          As I said, you may have an implied argument, although not

2     specifically stated as to the enhancement of 2251(e).

3          And you make other general 3553(a) factor arguments in the

4     event that the Court determines that a 3559(e) enhancement does

5     not apply in this case.

6          Does that adequately summarize generally your position on

7     sentencing?  Oh, and you also believe that therefore the Court

8     should impose a sentence -- in the event that neither

9     enhancement is applicable, that the Court should impose a

10    sentence of 25 years, consisting of 10 years on count -- sorry.

11    Consisting of, I believe, 15 years on Count 1 and 10 years on

12    Count 2, which has to run consecutively to that of Count 1 for

13    a total of 25 years.

14         You believe there should be a five-year period of

15    supervised release and a $200 special assessment.

16         Does that adequately summarize your position?

17              MR. KALOYANIDES:  Yes, Your Honor.

18              THE COURT:  You may be heard on behalf of your

19    client at this time.

20              MR. KALOYANIDES:  And, Your Honor, just to address

21    the lesser enhancement, the Court's correct.  I did not take a

22    definitive position because I think it is a very broad

23    enhancement, the "relating to" aspect can go either way.  I

24    think what my position is, there is enough for the Court to

25    find that that enhancement also would not apply.  However, I do

```
 1   recognize that the standard is so much broader under 3559 that
 2   it likely would, under these circumstances, be found.  But I do
 3   think there is enough room there for the Court to make that
 4   determination in the event that doesn't apply as well.
 5        But unless the Court has specific questions, I believe
 6   we've briefed it thoroughly, our positions thoroughly.
 7   Although we didn't respond directly to the Government's
 8   supplemental filing, I think, having reviewed my position
 9   papers, we still covered those same issues.  So I don't have
10   anything to add unless the Court has specific questions.
11             THE COURT:  Let me give Mr. Reczko an opportunity to
12   be heard.
13        Mr. Reczko, you have the right to personally address the
14   Court on any matter touching upon mitigation or punishment
15   before I impose sentence.
16        Do you wish to be heard at this time?
17             THE DEFENDANT:  Sir, there isn't anything I'd like
18   to add.
19             THE COURT:  Okay.  On behalf of the United States
20   then, Ms. Baehr-Jones.
21             MS. BAEHR-JONES:  Your Honor, with respect to the
22   sentencing enhancement arguments that were briefed in the
23   Government's position and the supplemental, I would submit that
24   the Government would submit on that ab- -- absent further
25   question from the Court as to the legal analysis of those
```

UNITED STATES DISTRICT COURT

1    enhancements.

2        I would like to just briefly emphasize that this is a --

3    one of those cases where, even if the life mandatory minimum

4    enhancement did not apply, that under 3553(a) a life sentence

5    would be appropriate.  And I will not belabor that point, as

6    the Court sat through the trial and listened to the testimony

7    of the victim in this case and is familiar, from the bifurcated

8    portion, with defendant's prior conviction for rape in the

9    first degree of a minor, as well as defendant's other

10   conviction for assault of an infant.

11       But given defendant's history, given his propensity to

12   violence, given the serious nature of this offense and the fact

13   the defendant did not learn any lessons and appears to be --

14   lack any remorse at this point, he is a great danger to the

15   public, and a sentence of life is appropriate under 3553(a).

16           THE COURT:  Of course, if the victim had submitted

17   any statement or -- I don't think she's present.  She would

18   have a right to be heard.  Do you have anything from the victim

19   that you care to present?

20           MS. BAEHR-JONES:  Your Honor, the Government filed

21   under seal statements that the victim had submitted.  We did

22   not receive them until last week.

23           THE COURT:  I don't have them.  So if -- maybe I'll

24   take a look at them now.

25           MS. BAEHR-JONES:  Yes, Your Honor.

1          THE COURT:  Has counsel seen them?

2          MR. KALOYANIDES:  I did receive through e-mail on

3   Friday, Your Honor.

4          THE COURT:  Go ahead.  Approach.

5              (Document tendered.)

6          THE COURT:  Is the written impact statement the same

7   as the typed one?  I'm not sure.  I'm not sure which is

8   supposed to be page 1 and page 2, because they look like there

9   are two page 2s as far as the written part.  Now, the

10  handwritten, I have three pages.  Is that what I'm supposed to

11  have?

12         MS. BAEHR-JONES:  That's correct, Your Honor.

13         THE COURT:  Which is page 1, which is page 2, and

14  which is page 3?

15         MS. BAEHR-JONES:  The Government received them in

16  that order.

17         THE COURT:  Okay.  You mean, when you say received

18  it in that order, including this typed victim impact statement?

19         MS. BAEHR-JONES:  That's correct, Your Honor.

20         THE COURT:  So you didn't just transfer the

21  handwritten into this typed format?

22         MS. BAEHR-JONES:  No, Your Honor.  The Government

23  received it exactly in that format.

24         THE COURT:  So is there a request for a certain

25  amount of restitution or not?  Because this seems extremely

UNITED STATES DISTRICT COURT

1    vague, and I don't quite understand.

2            MS. BAEHR-JONES:  Yes, Your Honor.  And the

3    Government has been working with communicating with the victim

4    and the victim's family, and it obviously takes some time

5    because they live in the Philippines.  The Government would

6    request, at this point, an additional scheduled restitution

7    hearing within the 90-day framework that the Government is

8    entitled to under statute in order to attempt to have an

9    interview either by a -- a psychologist or have an economist do

10   some sort of report that would capture the loss to the victim.

11           THE COURT:  All right.

12           MS. BAEHR-JONES:  If I might make one just -- one

13   point with respect to the sentencing enhancement --

14           THE COURT:  Yes.

15           MS. BAEHR-JONES:  -- the Government submitted in its

16   supplemental that it does not believe that the modified

17   category -- the Court need reach the modified categorical

18   approach in this case.  But if the Court were to, the

19   Government would submit that the controlling Ninth Circuit case

20   on point would allow the Court to consider a defendant's Alford

21   plea for purposes of making that determination.  And the case

22   is United States versus --

23           THE REPORTER:  Your Honor, she's going too fast.

24           THE COURT:  You've got to really slow down,

25   Ms. Baehr-Jones, because she has to take it all down.  And

1   you're making it really difficult for her.

2          MS. BAEHR-JONES:  I apologize, Your Honor.

3          THE COURT:  Slow down and repeat it.

4          MS. BAEHR-JONES:  Thank you.

5      If the Court were to reach the analysis under the modified

6   categorical approach, the defendant cites a case, a Fourth

7   Circuit case, *United States v. Alston*, in his position.

8   However, the Government would refer the Court to *United States*

9   *v. Guerrero-Velasquez*, 434 F.3d 1193, a Ninth Circuit case from

10  2006 which held that the Court could look at defendant's Alford

11  plea for purposes of determining whether the defendant's crime

12  was a crime of violence under the modified categorical

13  approach.

14         THE COURT:  All right.  Thank you.

15      Mr. Kaloyanides, anything further?

16         MR. KALOYANIDES:  No, Your Honor.  Just to point

17  out, we do address that the Ninth Circuit has recognized that

18  Alford pleas under certain circumstances can be considered.  We

19  just don't think it applies here.

20         THE COURT:  All right.  Thank you very much.

21      The Court has fully considered the entire record in this

22  case, having heard from counsel and given the defendant an

23  opportunity to be heard.  I will first start with the rulings

24  on the various positions of the defendant.

25      First, with respect to whether or not the enhancement at

1   3559(e) is applicable, the defendant objects to that

2   application.  That objection is overruled.  We need not resolve

3   whether New York Penal Law Section 130.35 is, as a whole,

4   broader than the federal generic counterparts because, in any

5   event, even if we were to use the modified categorical approach

6   for a divisible statute, the Section 130.35(1) violation

7   charged in the Information is the equivalent of 18

8   United States Code Section 2241(a).

9        Indeed, except for whether defendant had admitted to the

10  forcible compulsion element, which he does dispute, defendant

11  does not separately dispute that section 130.35(1) is a match

12  for the generic federal sex crime as set forth in 2241(a).

13       Now, as for the argument that defendant does not admit the

14  forcible compulsion element of section 130.35(1) but only

15  entered a guilty plea under Alford, that argument really to me

16  misses the point.  The question is not whether the defendant

17  had admitted that element specifically.  The question is what

18  was he convicted of.  There is no dispute that defendant was,

19  in fact, convicted of 130.35(1), not just generally 130.35.

20       The only charge in the Information is 130.35(1) not 130.35

21  generally.  Thus, he was convicted of a prior state sex offense

22  that is a counterpart to the federal generic sex offense set

23  forth in 2241(a).  It does not matter that his conviction came

24  about partly due to an admission and partly due to an Alford

25  guilty plea.  What counts is what he was convicted of, and here

1    he was clearly convicted of the only possible charge as stated

2    in the Information, which is to 130.35(1).  And as charged,

3    that is a match for the generic federal sex offense under

4    2241(a).

5        Next, under the *Doss* analysis, we need to determine the

6    age of the victim in that prior conviction.  The defendant had

7    consented to judicial fact-finding on this issue.  Based upon

8    the evidence submitted by the Government at the court trial of

9    Count 2, that included the information to which the defendant

10   pled guilty, which is at Government Exhibit 102, that sets

11   forth the date of birth of the victim therein; the transcript

12   of the guilty plea, Government Exhibit 104, wherein defendant

13   admitted that the victim was 14 years old at the time of that

14   offense; and a copy of the victim's certificate of transcript

15   of birth, Government Exhibit 120.

16       I find beyond a reasonable doubt that the victim of the

17   prior offense was under the age of 17 at the time of that

18   crime.  Accordingly, the enhancement at 3559(e) is applicable

19   in this case.  Likewise, the sentencing enhancement at 2251(e)

20   is also applicable in this case for like reasons.

21       The question then next is the objection to paragraphs 73,

22   85, 87, 88, and 91 of the PSR.  Those objections are overruled.

23   The proper standard of proof is not preponderance of the

24   evidence but rather whether or not the information therein is

25   of sufficient reliability for the Court to consider in the

1    overall background, history, and characteristics of this

2    defendant.

3         Defendant objects to the application of the two-level

4    increase for obstruction of justice.  That objection is

5    overruled.  The instances cited in the PSR, particularly the

6    letters to E.D.R. and her family, I find sufficient to

7    constitute an attempt to threaten or to unlawfully influence a

8    witness under application note 4A.  As such, I find that the

9    defendant wilfully attempted to obstruct or impede the

10   administration of justice with respect to the investigation and

11   prosecution of this instant offense of conviction and that his

12   obstructive conduct related to the defendant's offense of

13   conviction and any relevant conduct.

14        Finally, with respect to the 3553(a) arguments, I have

15   taken all that into consideration.  Although it appears

16   unnecessary for the Court to calculate the guidelines in light

17   of the enhancement at 3559(e), the Court has nevertheless done

18   that.  The guideline calculations are as follows:

19        Base offense level is 32.

20        Two-level increase for a minor victim of at least 12 but

21   less than 16.

22        Four-level increase for use of force.

23        Two-level increase for obstruction of justice.

24        Offense level 40.

25        Criminal history category 5, in light of the guideline

1   requirement that any lesser criminal history category be

2   raised, 5 under the current circumstances, yielding an advisory

3   range of 360 months to life.

4        I have also considered all of the 3553(a) factors in this

5   case, including the nature and circumstances of this offense,

6   which is that of sexual exploitation of a minor by producing

7   child pornography and committing this offense while being

8   required to register as a sex offender.  Defendant did this

9   over a period of years, traveled to the Philippines to

10  perpetrate the victimization of a minor, and the use of various

11  means to take advantage of her impoverished circumstances and

12  vulnerability for his own sexual gratification.

13       History and characteristics of defendant shows that he is

14  now 50 years old.  He has suffered two juvenile adjudications,

15  falsely reporting an incident of harassment, as well as various

16  adult convictions for disorderly conduct, petty larceny,

17  criminal mischief, third degree assault, and first degree rape

18  in 1996.  He has also had six disciplinary matters while in

19  pretrial detention.

20       He did serve in the Army and was medically discharged.

21       And he did have prior employment.

22       There is a need for the sentence imposed to reflect the

23  seriousness of the offense, which of course is extremely

24  serious because it involved the repeated sexual abuse of a

25  minor and the taking of child pornography images and

1    transporting them to the United States.

2         There is a need to promote respect for the law.

3    Defendant's conduct here and his past criminal history shows an

4    ongoing great disrespect for the law.

5         There is a need to provide just punishment and to afford

6    adequate deterrence.  Specific deterrence is much needed

7    because prior sentences, including that for the rape

8    conviction, obviously have not deterred Mr. Reczko's continued

9    sexually abusive conduct.  General deterrence is required

10   because society has to know that this type of behavior carries

11   with it severe consequences.

12        There is a need to protect the public from future crimes

13   of defendant.  Defendant is a grave threat to recidivate and to

14   cause physical harm to others.

15        Educational, vocational training do not appear to be

16   applicable.

17        Mr. Reczko may have certain medical conditions, which

18   conditions can be taken care of by the BOP.

19        He could also benefit perhaps from psychiatric treatment

20   while under the custody of the BOP.

21        There are various mandatory minimum sentences required.

22   3559(e) requires a mandatory life imprisonment.  2251(e), if

23   otherwise only enhancement applicable, would require a

24   mandatory minimum sentence of 25 years on Count 1.  And, of

25   course, Count 2 carries with it a mandatory minimum sentence of

1    ten years consecutive to any other sentence.

2         There does not appear to be any other pertinent policy

3    statements.  I am aware of the need to avoid unwarranted

4    sentencing disparities.  There may be a need for restitution to

5    the victims.  The Government has invoked its right to have a

6    continuance of up to 90 days to determine and to have a hearing

7    on the issue of restitution.

8         I will continue the restitution hearing of this sentencing

9    only for 90 days, and the Government is ordered to ensure that

10   defense counsel and the Court are advised as to whether or not

11   it will pursue the issue of restitution and advise the Court

12   accordingly.

13        Based upon the Court's findings and conclusions and its

14   consideration of all of the relevant factors under 3553(a),

15   including a calculation of the advisory guidelines, the

16   following then is the sentence of the Court:

17        It is ordered defendant shall pay the United States a

18   special assessment of $200, which is due immediately.  Any

19   unpaid balance shall be due during the period of imprisonment

20   at a rate of not less than $25 per quarter, pursuant to the

21   Bureau of Prisons inmate financial responsibility program.

22        All fines are waived as the Court finds that the defendant

23   has established that he is unable to pay and is not likely to

24   become able to pay a fine.

25        It is the judgment of the Court that Defendant Stanley Dan

1    Reczko III is hereby committed on Counts 1 and 2 of the second

2    superseding Indictment to the custody of the Bureau of Prisons

3    for a term of life imprisonment plus ten years.  This term

4    consists of life imprisonment on Count 1 and a ten-year

5    imprisonment sentence on Count 2 to be served consecutively to

6    the term imposed on Count 1.

7         The Court recommends that the Bureau of Prisons conduct a

8    mental health evaluation of the defendant and provide all

9    necessary treatment.

10        In light of the sentence imposed by the Court, there is no

11   need for the Court to impose any time for supervised release.

12        Are there any other matters to dispose of,

13   Ms. Baehr-Jones?  I think the underlying Indictment -- was that

14   already dismissed?

15             MS. BAEHR-JONES:  The original Indictment,

16   Your Honor?

17             THE COURT:  Yes.

18             MS. BAEHR-JONES:  Since I was not on the case when

19   the second superseding was -- was completed, I do not know if

20   it was.  But I -- I can move to dismiss that at this time,

21   Your Honor.

22             THE COURT:  So any underlying Indictment is

23   dismissed.  And, of course, the original Counts 1, 2, and 3

24   which were previously dismissed.

25        Mr. Reczko, you are advised that you have the right to not

1    only appeal the conviction in this case but also to appeal the

2    sentence that the Court has just imposed on you.  And if you

3    wish to do so, you should discuss this matter with your lawyer,

4    who will assist you in the filing of a timely notice of appeal

5    and that, if you do not have the money to pay the cost of that

6    appeal, you can upon proper application ask the Court to waive

7    those costs.

8         Do you understand all of that?

9              THE DEFENDANT:  Yes.

10             THE COURT:  Anything further at this time?

11             MS. BAEHR-JONES:  No, Your Honor.

12             THE COURT:  Mr. Kaloyanides?

13             MR. KALOYANIDES:  Yes, Your Honor.  If the Court

14   would recommend placement in Southern California, particularly

15   we would like Terminal Island if that's available because of

16   the medical facility there, but at least a Southern California

17   placement if the Court would so recommend.

18             THE COURT:  I will recommend to the Bureau of

19   Prisons, to the extent possible, that Mr. Reczko be considered

20   for a designation to a facility in Southern California and

21   specifically, if possible, to Terminal Island.

22             MR. KALOYANIDES:  Thank you, Your Honor.

23             THE COURT:  All right.

24             THE CLERK:  This court now stands in recess.

25                  (Proceedings concluded at 11:32 A.M.)

1          CERTIFICATE OF OFFICIAL REPORTER

2

3

4

5          I, KHOWOONSUN CHONG, FEDERAL OFFICIAL REALTIME

6  COURT REPORTER, IN AND FOR THE UNITED STATES DISTRICT COURT FOR

7  THE CENTRAL DISTRICT OF CALIFORNIA, DO HEREBY CERTIFY THAT

8  PURSUANT TO SECTION 753, TITLE 28, UNITED STATES CODE THAT THE

9  FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE

10  STENOGRAPHICALLY REPORTED PROCEEDINGS HELD IN THE

11  ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN

12  CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF

13  THE UNITED STATES.

14

15          DATED THIS 25TH DAY OF OCTOBER, 2015.

16

17

18          /S/ KHOWOONSUN CHONG

19          _____
            KHOWOONSUN CHONG, CSR NO. 12907, CRR
20          FEDERAL OFFICIAL COURT REPORTER

21

22

23

24

25

**UNITED STATES DISTRICT COURT**